IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER A. RAUCH,

        Plaintiff,

    v.

COLUMBIA COUNTY, R. STEPHEN
ATCHISON, COLUMBIA COUNTY
DISTRICT ATTORNEY, an individual,
JENNI JORDAN, COLUMBIA COUNTY
DEPUTY DISTRICT ATTORNEY, an individual,
PHILIP DERBY, COLUMBIA COUNTY SHERIFF,
an individual, and DEPUTY PATRICK DEAN,
an individual,

        Defendants.
_____

CV 05-914-HA

OPINION
AND ORDER

Daniel W. Dickerson
Matthew A. Arbaugh
Daniel W. Dickerson, P.C.
918 Oregon National Building
610 S.W. Alder Street
Portland, Oregon 97205
      Attorneys for Plaintiff

Robert S. Wagner
Miller & Wagner, LLP
2210 NW Flanders Street
Portland, Oregon 97210
    Attorney for Columbia County, Philip Derby, Patrick Anderson, and Patrick Dean

Marc Abrams
State of Oregon
1162 Court Street, NE
Salem, Oregon 97301
    Attorney for R. Stephen Atchison and Jenni Jordan

HAGGERTY, Chief Judge:

On July 12, 2005, defendants R. Stephen Atchison (Atchison) and Jenni Jordan (Jordan) (collectively defendants) filed the present Motion to Dismiss (Doc. #9). For the following reasons, this motion is granted.

The Complaint lists the following claims for relief against defendants: (1) malicious prosecution; (2) conspiracy; and (3) refusing or neglecting to prevent constitutional violations (alleged against Atchison). Originally, plaintiff also had a claim for malicious abuse of process. However, in his responsive briefing, plaintiff agreed to dismiss this claim.

On a motion to dismiss, the court is required to take all well-pleaded allegations as true and construe them in a light most favorable to the non-moving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citations omitted). The court should not dismiss the complaint "unless it appears beyond doubt that [the] plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hydranautics v. Filmtec Corp.*, 70 F.3d 533, 535-36 (9th Cir. 1995). Accordingly, this court construes the facts of this case in the light most favorable to plaintiff to determine whether it appears beyond doubt that he can prove no set of facts in support of his claims against defendants Atchison and Jordan.

**FACTUAL ALLEGATIONS**

In his Complaint, plaintiff alleges that Atchison, district attorney for Columbia County, and Jordan, deputy district attorney for Columbia County, violated plaintiff's constitutional rights by maliciously prosecuting him, engaging in a conspiracy against him, and refusing or neglecting to prevent constitutional violations (alleged against Atchison), all in violation of 42 U.S.C. § 1983.

On June 22, 2003, Columbia County Sheriff's deputies were dispatched to an alleged domestic assault in progress at the home of plaintiff and his girlfriend, Michelle McKinney (McKinney). The deputies were responding to a 911 call made by McKinney in which she claimed she was being physically assaulted by plaintiff. During an interview with McKinney, McKinney alerted the deputies to a 12-gauge shotgun located in the house, which McKinney said she had loaded and armed herself during the incident. The deputies arrested plaintiff on charges of fourth degree felony assault, menacing, and harassment.

Plaintiff was subsequently arraigned and granted a conditional release that stipulated he was to obey the law, remain in the State of Oregon, have no contact with McKinney, not be in possession of firearms, and appear for his next court date. Plaintiff wrote a letter to the court stating that his arrest had been a mistake and was the result of a misunderstanding. He stated that he did not assault McKinney and requested that the court terminate the no contact order. Atchison responded by seeking an indictment from a grand jury.

Plaintiff alleges that while appearing before the grand jury, Atchison "purposely abused the grand jury system by improperly excusing a grand juror after the evidence was closed . . . ."

Compl., ¶ 26. He argues that Atchison dismissed the juror because the juror appeared sympathetic to plaintiff.

Plaintiff further alleges that Atchison had a deputy "follow McKinney with a tape recorder on the day of her grand jury testimony and threaten[ed] her with arrest if he believed she perjured herself upon the witness stand," and that this amounted to "unlawful coercive tactics . . . in an attempt to cause [McKinney] to change her story and unfairly implicate [plaintiff]." Compl., ¶¶ 29,30.

The grand jury returned an indictment against plaintiff on charges of fourth degree felony assault, menacing, and harassment. On November 18, 2004, more than a year after the incident, Deputy District Attorney John Gutbezahl and Circuit Court Judge Steven B. Reed dropped all charges against plaintiff for insufficient evidence.

## STANDARDS

Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution bars suits in federal court against a state and its agencies brought by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). A state may waive this immunity by unequivocally expressing consent to federal jurisdiction. *Astascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985); *Actmedia, Inc. v. Stroh*, 830 F.2d 957, 963 (9th Cir. 1986). Generally, this sovereign immunity extends to suits against state officers sued in their official capacities. *Natural Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421-22 (9th Cir. 1996) (citations omitted).

//
//

Section 1983 and Prosecutorial Immunity

To allege a claim upon which relief may be granted under 42 U.S.C. § 1983, the plaintiff must demonstrate that he or she has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation was under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (quoting 42 U.S.C. § 1983). Section 1983 does not explicitly provide a defense of prosecutorial immunity, but it is well established that absolute and qualified immunity shield certain types of official conduct and that "policy considerations favor a liberal application of immunity." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

There is no supervisor liability under Section 1983. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680-81 (9th Cir. 1984). Rather, a supervisor is liable for a subordinate's unconstitutional actions only if the supervisor participated in or directed the actions or knew of the violations and failed to prevent them. *Id.*

Prosecutors are absolutely immune from liability under Section 1983 for their conduct in initiating a prosecution and in presenting the government's case insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Absolute immunity does not apply when prosecutors perform administrative or investigative functions, rather than advocatory functions. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). When a prosecutor engages in administrative, investigative functions, or other police-type work, the prosecutor is protected from liability by qualified immunity. *Id.* at 126.

//

In determining whether a prosecutor's action was quasi-judicial, administrative, or investigative, the relevant inquiry focuses on the nature of the function performed, not the identity of the actor who performed it. *Forrester v. White*, 484 U.S. 219, 229 (1988). If the prosecutor's action was part of the judicial process or was quasi-judicial, the prosecutor is entitled to the protection of absolute immunity regardless of whether the prosecutor violated the plaintiff's constitutional rights. *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003)*; see also Imbler*, 424 U.S. at 432 ("immunity . . . leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty"). The purpose behind such a seemingly harsh rule is to facilitate the zealous advocacy of a prosecutor without threat of retaliation; to have it otherwise would disserve the broader public interest. *Imbler*, 424 U.S. at 429.

The Supreme Court has held that a prosecutor is entitled to absolute immunity from suits alleging malicious prosecution, use of perjured testimony at trial, and suppression of material evidence, *id.* at 430; directly participating in a probable cause hearing, *Burns*, 500 U.S. at 491; and preparing and filing charging documents, *Kalina*, 522 U.S. at 130. The Ninth Circuit has held that a prosecutor is absolutely immune from liability for failure to adequately investigate accusations against a defendant before initiating criminal prosecution. *See O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) (per curiam). A prosecutor also enjoys absolute immunity in deciding whether or not to prosecute. *Burns*, 500 U.S. at 486; *Roe v. City and County of San Francisco*, 109 F.3d 578, 583-84 (9th Cir. 1997).

However, a prosecutor is granted only qualified immunity when he or she is performing a discretionary function and the conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known. *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Malley v. Briggs*, 475 U.S. 335, 341 (1986) ("As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law."). In determining whether a prosecutor is entitled to qualified immunity, the court must decide whether the alleged unconstitutional conduct occurred during the performance of an investigative function, such as gathering physical evidence and conducting interrogatories to determine whether a crime has been committed and whether probable cause exists to arrest a suspect. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993).

In *Buckley*, the Supreme Court explored the limits of prosecutorial immunity and denied absolute immunity to prosecutors who fabricated evidence during the early stages of the investigation when police officers and prosecutors are performing essentially the same investigative functions. *Id.* at 273. Although the Court hesitated to draw a bright line between qualified and absolute immunity, it appears that the relevant question arising from *Buckley* is whether a prosecutor's investigation is of the type normally conducted by police, in which case a prosecutor would be entitled only to qualified immunity, or whether the investigation is entwined with the judicial process, thereby affording the prosecutor the heightened protection of absolute immunity. *Genzler v. Longanbach*, 410 F.3d 630, 638 (9th Cir. 2005). In other words, whether the prosecutor committed an act, or authoritatively directed the commission of an act, that ordinarily would be related to police activity as opposed to judicial activity. *Id.* at 641 (citation omitted); *see also Freeman ex rel. The Sanctuary v. Hittle*, 708 F.2d 442, 443 (9th Cir. 1983) (per curiam) (holding that the prosecutor was absolutely immune when the prosecutor directed an

investigator to tell the plaintiff's landlord that he was not getting as much rent from plaintiff's lease as he could get from someone else, because the investigator was performing an investigative function pursuant to the preparation of the prosecutor's case and within the scope of the prosecutor's duties in initiating and pursuing the state's case).

**ANALYSIS**

It is first important to note that, pursuant to the Eleventh Amendment, plaintiff's claims must be pursued against defendants in their individual, not official, capacities. District attorneys are state, not local, officials, *see generally* Oregon Revised Statute Chapter 8, and the State of Oregon has not consented to this suit.

Plaintiff alleges that defendants maliciously prosecuted him by playing an active role in the initiation of the criminal proceedings despite lack of probable cause. Regardless of the merits of plaintiff's allegations, defendants are absolutely immune from these claims. The decision to bring charges and secure a grand jury indictment is conduct that is intimately associated with the judicial process, and prosecutorial immunity protects defendants' actions in this regard. *Imbler*, 424 U.S. at 431 (initiating a prosecution has consistently been identified as a function within the prosecutor's role as an advocate); *Mishler v. Clift*, 191 F.3d 998, 1008 (9th Cir. 1999) ("Filing charges and initiating prosecution are functions that are integral to a prosecutor's work."). This is true regardless of defendants' motive or malice. *Ashelman*, 793 F.2d at 1077-78 (the prosecutor's intent when performing prosecutorial acts plays no role in the immunity inquiry). Equally as clear is the prosecutor's province to not prosecute a potential criminal defendant. *Roe*, 109 F.3d at 583 (holding that a prosecutor is entitled to absolute immunity for the decision not to

prosecute) Accordingly, defendants' actions in charging plaintiff and going before the grand jury, as well as the decision not to bring him to trial, are protected by absolute immunity.

Although not central to this court's decision, the court finds that plaintiff's allegations also fail because he has not pled facts sufficient to support a claim for malicious prosecution. Defendants' actions were based on the investigative police reports and eye witness testimony. The reports and testimony indicate that plaintiff's girlfriend dialed 911 after she had been physically abused by plaintiff and that she used a gun to protect herself. This was adequate to form probable cause to arrest plaintiff. Additionally, defendants were successful in securing a grand jury indictment against plaintiff, providing further support for the existence of probable cause. *See Shoemaker v. Selnes*, 349 P.2d 473, 476 (Or. 1960) (want of probable cause is the gist of an action for malicious prosecution). Defendants ultimately decided not to go to trial after McKinney refused to testify. This fact by no means vitiates the initial finding of probable cause.

Plaintiff also alleges that defendant Atchison improperly excused a grand juror because he perceived the prospective juror as exhibiting sympathy towards plaintiff. The Complaint does not specify whether the juror was discharged by Atchison or by the court. However, even if Atchison did improperly dismiss the juror, such conduct would be covered by prosecutorial immunity, or, at the most, would be a violation of state law, which is not grounds for a Section 1983 claim. *See* O.R.S. §§ 132.030-132.110; *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989) (Section 1983 requires a plaintiff to show that an individual acting under color of state law deprived the plaintiff of a federal statutory or constitutional right).

Plaintiff's claim for conspiracy also fails because of absolute prosecutorial immunity. *See Ashelman*, 793 F.2d at 1078 (holding that a conspiracy between a judge and a prosecutor did not

pierce the absolute immunity shield). In addition to absolute immunity, defendant's averments fail to even state a claim for conspiracy beyond bare, conclusory allegations. *See Osuch v. Gregory*, 303 F. Supp. 2d 189, 196 (D. Conn. 2004); *Hickey v. New Castle County*, 428 F. Supp. 606, 611 (D. Del. 1977) (claims of conspiracy under Section 1983 must contain more than mere conclusory allegations). Further weakening plaintiff's claim is that the allegation of conspiracy depends on the purported collusion among all the defendants to arrest, imprison, detain, confine, and prosecute plaintiff. However, there is no dispute that defendants Atchison and Jordan participated only in the prosecution of plaintiff.

In his Sixth Claim for Relief, plaintiff appears to assert that Atchison violated Section 1983 by refusing or neglecting to prevent others from allegedly depriving plaintiff of his constitutional rights. As noted previously, Section 1983 does not hold supervisors vicariously liable for the actions of their subordinates solely because of the existence of an employer-employee relationship. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Rather, to hold a supervisor liable for the actions of a subordinate, the plaintiff must show that the supervisor personally participated in the deprivation of constitutional rights and acted with deliberate indifference. *Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 809 (9th Cir. 1996) (citing *Taylor*, 880 F.2d at 1045). Because the court finds that no constitutional violations were committed against plaintiff by one of Atchison's subordinates, Atchison cannot be liable under Section 1983 for directing, participating in, or failing to prevent any of the alleged violations.

Finally, plaintiff avers that Atchison committed misconduct by allegedly directing an officer to follow McKinney with a tape recorder on the day of her grand jury testimony and threatened her with arrest if she perjured herself on the witness stand. Plaintiff has no standing to

bring this allegation. The irreducible constitutional minimum of standing contains three elements: (1) personal suffering of some actual or threatened injury; (2) injury that is fairly traceable to the putatively illegal conduct; and (3) likelihood of redress by a favorable decision. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).

First, the alleged conduct was directed against McKinney, not plaintiff. Second, McKinney did not support defendants' case against plaintiff in her grand jury testimony. Indeed, McKinney refuted defendants' allegations and denied that plaintiff ever physically assaulted her. Thus, even if the allegations are true, no harm or injury resulted to plaintiff. *See State v. Miller*, 528 S.E. 2d 626 (N.C. App. 2000) (defendant moved to suppress evidence obtained as the result of a search warrant based on statements by a witness who later recanted her testimony; court found that the defendant had no legal standing to raise any alleged constitutional violations on behalf of the witness). Even if it could cogently be argued that plaintiff suffered some threatened injury as a result of Atchison's conduct, the court nonetheless finds that the actions did not exceed permissible boundaries and they remain protected by prosecutorial immunity.

Accordingly, for all of the reasons provided above, the court finds that plaintiff can prove no set of facts in support of his claims against defendants Atchison and Jordan. Defendants' motion is granted.

//

//

//

**CONCLUSION**

Defendants' Motion to Dismiss (Doc. #9) is GRANTED.

IT IS SO ORDERED.

DATED this _29___ day of August, 2005.

    __/s/ Garr M.King for _____

Ancer L. Haggerty

United States District Judge