UNITED STATES DISTRICT COURT

THE DISTRICT OF OREGON

ROGER A. RAUCH,

        Plaintiff,

        v.

COLUMBIA COUNTY, R. STEPHEN
ATCHISON, Columbia County
District Attorney, an individual,
JENNI JORDAN, Columbia County
Deputy District Attorney, an
individual, PHILIP DERBY, Columbia
County Sheriff, an individual,
DEPUTY PATRICK ANDERSON, an
individual, and DEPUTY PATRICK DEAN,
an individual,

        Defendants.
_____

Civil No. 05-914-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

1 - OPINION AND ORDER

Plaintiff filed his Complaint on June 22, 2005, asserting numerous claims against defendants. This court dismissed all claims against defendants R. Stephen Atchison and Jenni Jordon on August 29, 2005. The remaining defendants filed a Motion for Summary Judgment [32] on June 19, 2006, which is currently before the court.

During the briefing for this Motion, plaintiff conceded all claims against defendant Philip Derby and all but a few claims against defendants Columbia County, Deputy Patrick Dean (Dean), and Deputy Patricia Anderson (Anderson) (the court notes that Deputy Anderson was misidentified as "Patrick" Anderson due to a clerical error in the Complaint and has continued to be misidentified as such in the caption of this case).

The remaining claims addressed in this Motion are: (1) false arrest and imprisonment in violation of 42 U.S.C. § 1983 (§ 1983) against Columbia County, Dean, and Anderson; (2) false detention and confinement in violation of § 1983 against Columbia County, Derby, Dean, and Anderson; and (3) intentional infliction of emotional distress in violation of Oregon law against Columbia County.

Oral argument is unnecessary. For the following reasons, defendants' Motion is granted.

**BACKGROUND**

At approximately noon on June 22, 2003, Michelle McKinney (McKinney) telephoned 911 and reported to the operator that plaintiff had hit her, thrown things at her, menaced her with his belt, and that she had armed herself with a shotgun in response to his actions. Affidavit of Sally Copeland in Support of Defendants' Motion for Summary Judgment (Copeland Affidavit), Ex. 1 at 1-2. McKinney and plaintiff reside together, along with McKinney's daughter, Ashley Clifton (Clifton). McKinney also reported that plaintiff had removed all but one telephone from

the premises and that plaintiff refused to allow her to use the telephone. *Id*. at 6.

Clifton also spoke with the 911 operator. She reported that she had heard McKinney and plaintiff arguing, McKinney had told her about the physical abuse, and that McKinney was crying and did not look good. *Id*. at 10. Deputies Anderson and Dean were dispatched to the scene after being informed that there was a domestic dispute in progress.

The deputies were met outside the residence by McKinney. Deputy Anderson stayed with McKinney and Deputy Dean went inside the house to speak with plaintiff.

McKinney stated to Deputy Anderson that plaintiff had "grounded" her from the telephone; slapped the side of her head with an open hand, causing her ear to ring; shoved her; threw his clothes at her; and threatened her with a leather belt that he had pulled from his pants. Affidavit of Patricia Anderson (Anderson Affidavit), Ex. 1 at 2, 3. McKinney informed Deputy Anderson that after Plaintiff's assault she grabbed a shotgun in the bedroom, loaded it, and told plaintiff she did not want to be hit anymore and that she was going to call the police. Plaintiff then left the room. *Id*. McKinney reported she still had a headache. Anderson did not see any visible marks on McKinney's face and ear. *Id*.

Clifton reported to Deputy Anderson that she had heard arguing and remained in her room because she was afraid. *Id*., Ex. 1 at 3. When she left her room she saw plaintiff in the living room. She did not want him to know she was there because she was afraid of him. She remained out of sight until she knew he was asleep. *Id*.

Plaintiff acknowledged to Deputy Dean that he argued with McKinney, threw some clothes that might have hit her, and that he removed the belt from his pants before throwing them. *Id*., Ex. 2 at 1. Plaintiff reported that he went into the living room to take a nap, believing

3  -  OPINION AND ORDER

the altercation to be over, and that he was surprised at the arrival of police. *Id*. He denied hitting or striking McKinney, but acknowledged that McKinney did retrieve and load a shotgun. *Id*.

After taking statements from McKinney and plaintiff, Deputies Anderson and Dean conferred and decided to arrest plaintiff. *See* Anderson Affidavit, Ex. 1 at 4; Deposition of Roger A. Rauch (Rauch Depo.), at 49. Deputy Dean placed plaintiff under arrest, handcuffed him, placed him into the back of the police vehicle, and transported him to the Columbia County Jail.

Plaintiff was indicted by a Columbia County Grand Jury on August 28, 2003. McKinney testified under oath in the grand jury that plaintiff struck her. However, McKinney later changed her testimony and refused to cooperate with the prosecution. As a result, the case against plaintiff was dismissed by the District Attorney's Office on November 15, 2004 for insufficient evidence.

## **STANDARDS**

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. Fed. R. Civ. P. 56(c).

A non-moving party who bears the burden of proof at trial to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the

existence of that element of the case or be subject to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Such an issue of fact is only a genuine issue if it can reasonably be resolved in favor of either party. *Anderson*, 477 U.S. at 250-51. This burden to demonstrate a genuine issue of fact increases where the factual context makes the non-moving party's claim implausible. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists no longer precludes invoking summary judgment. *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). In other words, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (footnote omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## **ANALYSIS**

Plaintiff alleges generally that defendants lacked probable cause to place him under arrest. Accordingly, plaintiff argues, he was wrongfully arrested and wrongfully confined and detained.

Defendants move for summary judgment on grounds that (1) the deputy defendants are protected by qualified immunity, and (2) probable cause existed for plaintiff's arrest. The court first analyzes whether probable cause existed for the arrest.

Probable cause exists "when the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information," under the "totality of the circumstances," would result in a prudent person concluding that there was a "fair probability"

that the suspect had committed a crime. *Hart v. Parks*, 450 F.3d 1059, 1065-66 (9th Cir. 2006) (internal quotations and citations omitted). Officers may not rely solely on allegations from a purported victim without a sufficient basis of knowledge. *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir. 2003). A sufficient basis of knowledge is established "if the victim provides facts sufficiently detailed to cause a reasonable person to believe a crime has been committed and the named suspect was the perpetrator." *Id*. (internal quotation and citation omitted). A factual dispute regarding the victim's complaint arising at the scene of an alleged domestic disturbance does not defeat probable cause if "1) the victim's statements are sufficiently definite to establish that a crime has been committed; and 2) the victim's complaint is corroborated by either the surrounding circumstances or other witnesses." *Id*. at 979.

In this case, plaintiff denied at the scene that he had struck McKinney. This created a factual dispute regarding McKinney's complaint. Therefore, probable cause existed only if McKinney's statements were sufficiently definite and otherwise corroborated. *Id*.

McKinney gave Deputy Anderson a detailed report describing the fight between her and plaintiff, their history together, his striking her, grounding her from the phone, throwing clothes at her, menacing her with a belt, and how she was so frightened she armed herself with a shotgun. Anderson Affidavit, Ex. 1 at 2-3. McKinney's statement was sufficiently definite to establish that a crime had been committed.

McKinney's statements at the scene were corroborated by her statement to the 911 operator, Clifton, the physical scene, and plaintiff himself. The details in McKinney's statements were consistent with her original report to the 911 operator. Copeland Affidavit, Ex. 1 at 1-2. Clifton also reported at the scene that she had heard arguing and was afraid of plaintiff.

6 - OPINION AND ORDER

Anderson Affidavit, Ex. 1 at 3.  Additionally, the deputies saw the belt lying on the bedroom floor.  Rauch Depo. at 49.   Plaintiff also corroborated McKinney's statements, acknowledging that he that he threw clothes that might have struck her, removed the belt from his pants, and that she had armed herself with the shotgun.  Anderson Affidavit, Ex. 2 at 1.  McKinney's statements were corroborated by the surrounding circumstances and other witnesses.

Moreover, the totality of the circumstances faced by the deputies must be considered in light of the fact that this was an incident of domestic violence involving a firearm.  Domestic disturbances involve a "great potential danger to occupants of the household" and if "an officer hesitates to act, his hesitancy may lead to the occurrence of otherwise preventable violence." *Peng*, 335 F.3d at 977 (citations omitted).  The Oregon legislature recognized the danger of the "widespread refusal or failure of police officers to remove persons involved in episodes of domestic violence" by passing a mandatory arrest law in certain instances of domestic violence. *Nearing v. Weaver*, 670 P.2d 137, 142 (Or. 1983).

This court concludes that defendants have established that probable cause existed to arrest plaintiff.  Accordingly, no issue of material fact remains regarding plaintiff's claims of false arrest, false detention and confinement, and intentional infliction of emotional distress.

In light of the court's finding that probable cause existed, the court need not reach the individual defendants' claim of qualified immunity.  Nevertheless, this court would conclude that the individual defendant's were entitled to qualified immunity as an alternate grounds for summary judgment against plaintiff's claims.

/ / /

/ / /

7  -  OPINION AND ORDER

**CONCLUSION**

For the foregoing reasons, defendants' Motion for Summary Judgment [32] is GRANTED. Plaintiff's remaining claims are dismissed.

IT IS SO ORDERED.

DATED this  16   day of August, 2006.

                                   __/s/Ancer L.Haggerty_____
                                        ANCER L. HAGGERTY
                                        United States District Judge